875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey A. MURR, Plaintiff-Appellant,
v.
Jeff WAMSLEY, Defendant-Appellee.
 No. 88-4053.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before BOYCE F. MARTIN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jeffrey A. Murr appeals the summary judgment for the defendant corrections official in this prisoner civil rights case filed under 42 U.S.C. Sec. 1983. Murr alleged that defendant Wamsley ordered him to discontinue working on legal matters for himself and other prisoners. Murr asserted violations of his first amendment rights to access to the courts and to freedom of speech. The district court found no constitutional deprivation under the undisputed facts and granted summary judgment for defendant. Upon consideration, we conclude that summary judgment for defendant was proper.
 
 
 3
 Essentially, it is undisputed that defendant Wamsley ordered Murr to stop working on legal matters within the dormitory in which Murr was housed. Murr alleged that Wamsley did this in retaliation because Murr had sued Wamsley in another lawsuit. Wamsley alleged that he did this because he believed Murr was charging fees for his legal services in violation of prison policy. In any event, Murr filed an inmate grievance and was permitted to resume working a short time later.
 
 
 4
 Generally, summary judgment is appropriate where there are no genuine disputes of material fact and one party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1987). This court will review a grant of summary judgment de novo. Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987). Here, the district court correctly concluded that the undisputed material facts reveal no injury actionable under Sec. 1983.
 
 
 5
 Clearly, prisoners enjoy a right to access to the courts under the first amendment. Bounds v. Smith, 430 U.S. 817 (1977). However, actual access to the courts must be denied before a constitutional deprivation will be found. See, e.g., Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Here, the district court correctly concluded that plaintiff alleged no prejudice to himself or others in any legal proceeding due to the brief interruption of his work. Thus, no constitutional deprivation has been alleged.
 
 
 6
 Likewise, Murr's alternative claims are without merit. While prisoners retain a limited right to free speech, Martin v. Kelley, 803 F.2d 236, 240 n. 7 (6th Cir.1986), the availability of alternative means of communication is significant. Pell v. Procunier, 417 U.S. 817, 823-24 (1974). Here, the actual interference with Murr's speech, if any, was de minimis and plaintiff was free to exercise his right to free speech outside of his dormitory. Furthermore, Murr's characterization of his claim as a deprivation of a liberty or property interest in his typewriter is frivolous because he was not deprived of possession of the typewriter and could have used it outside of the dormitory.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.